UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AUSTIN R. COLSON<br>　　　Plaintiff,<br><br>vs.<br><br>CITY OF SAN MARCOS, TEXAS; CHIEF OF POLICE STAN STANDRIDGE; OFFICER KYLE LOBO; TIFFANY WILLIAMS; AND JOHN AND JANE DOE SUPERVISORS (A-Z), JOHN AND JANE DOES OFFICERS (A-Z), INDIVIDUALS BEING SUED IN THEIR OFFICAL CAPACITIES<br>　　　Defendants. | CIVIL ACTION NO.: 1:23-CV-00450-RP |

## DEFENDANT CITY OF SAN MARCOS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Defendant City of San Marcos and files this Motion to Dismiss Plaintiff's Original Complaint [Document 1] pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.
## NATURE OF THE LAWSUIT/FACTUAL ALLEGATIONS

Plaintiff's Original Complaint arises from an arrest that followed a mistaken identification of Plaintiff after an individual was physically assaulted in San Marcos, Texas on June 29, 2021. As pled in the Complaint, Plaintiff was identified by the victim as one of the assailants, resulting in an arrest warrant being issued through the San Marcos Police Department. Plaintiff was arrested on the warrant after being stopped in Montgomery County for a traffic violation. It was ultimately determined that Plaintiff was not one of the assailants and all charges were dropped.

With respect to the City of San Marcos, Plaintiff's Original Complaint claims the City is liable under 42 USC §1983 for inadequate training related to proper investigations. Defendant City of San Marcos seeks dismissal of Plaintiff's claim against the City, as Plaintiff's pleading fails to state a claim against this Defendant.

## II.
## RULE 12(b)(6) STANDARD OF LAW

If a complaint fails to state a claim upon which relief can be granted, the court is entitled to dismiss the complaint as a matter of law.  *See* FED R. CIV. P 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 209 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  When considering a motion to dismiss under Rule l2(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007)(quoting *In re Katerina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Rogers v. Raycom Media, Inc.*, 628 F. App'x 324 (5th Cir. 2016), cert. denied, 137 S. Ct. 189, 196 L. Ed. 2d 127 (2016).

With respect to his §1983 claim against City of San Marcos, Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570; *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010). The Court need not "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)(quoting *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir.1996)).

Plaintiff's pleading does not overcome the *Twombly* standard with respect to the City of San Marcos because there is no allegation of facts plausibly showing that some City policy or practice of inadequate training and deliberate indifference with respect to the same by the City were the moving force behind a violation of Plaintiff's constitutional rights. As such, the City of San Marcos' Motion to Dismiss should be granted.

### III.
### LIMITED CONTOURS OF MUNICIPAL LIABILITY FOR SUPERVISION UNDER §1983

In a 42 U.S.C. §1983 claim, local governments can only be sued and are legally responsible only for "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011)(emphasis original in *Connick*) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)); *see also Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 665-83 (1978).

Local governments cannot be held vicariously liable under §1983 for the actions of their employees. *Connick*, 563 U.S. at 60.

The Supreme Court and the Fifth Circuit have recognized that "municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) *Id.* (citing *Monell*, 436 U.S. at 694).

The *Twombly* pleading standard applies to Section 1983 municipal liability claims. *Ratliff v. Aransas County*, 948 F.3d 281, 284 (5th Cir. 2019)(citing *Peña v. City of Rio Grande City*, 879 F.3d 613, 621-22 (5th Cir. 2018), and *Doe ex rel. Magee v. Covington Cty. Sch. Dist. Ex rel. Keys*, 675 F.3d 849, 866 n.10 (5th Cir. 2012) (en banc)). To withstand a 12(b)(6) challenge by a municipality in a Section 1983 case, plaintiff must plead sufficient factual information that, if accepted as true, plausibly show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. *See id.*; *Groden v. City of Dallas*, 826 F.3d 280, 284-85 (5th Cir. 2016) (citing *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)).

Maintaining a §1983 cause of action based on training requires that the plaintiff establish the existence of a direct causal link between the municipal policy of inadequate training and the constitutional deprivation; and then the claimant must establish that the government entity consciously enacted that policy reflecting "deliberate indifference" to the constitutional rights of its citizens. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

The plaintiff must allege more than an isolated incident of harm to establish a policy claim against a city. *See McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989). The plaintiff must also plead and prove the city was deliberately indifferent to the constitutionally

protected rights at issue. *See Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997).

"[A] single incident is usually insufficient to demonstrate deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 382 (5th Cir. 2005). Additionally, the prior instances alleged must be similar to the deprivation alleged by the plaintiff seeking recovery. *Id.*

> In *Cousin v. Small*, for example, we held that "[t]o succeed on his claim of failure to train or supervise" the plaintiff must demonstrate deliberate indifference, which usually requires a plaintiff to "demonstrate a pattern of violations." Similarly, in *Snyder v. Trepagnier*, we held that "proof of a single violent incident ordinarily is insufficient" for liability. Rather, the "plaintiff must demonstrate 'at least a pattern of similar incidents in which the citizens were injured.' " Moreover, a showing of deliberate indifference requires that the Plaintiffs "show that the failure to train reflects a 'deliberate' or 'conscious' choice to endanger constitutional rights."
>
> ***Prior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question.*** That is, notice of a pattern of similar violations is required. While the specificity required should not be exaggerated, our ***cases require that the prior acts be fairly similar to what ultimately transpired and, in the case of excessive use of force, that the prior act have involved injury to a third party.***

*Id* at 383 (internal citations omitted)(emphasis added).

"Courts recognize that even officers who are adequately trained, supervised, and disciplined occasionally make mistakes, and the fact that they do says little about the training, supervision, or disciplinary policies and procedures of a city." *Jackson v. Valdez*, No. 3:18-CV-02935-X-BH, 2020 U.S. Dist. LEXIS 50850, *23 (Feb. 27, 2020), adopted, 2020 U.S. Dist. LEXIS 49345 (N.D. Tex. Mar. 23, 2020) (internal quotations deleted).

Municipal liability under Section 1983 requires an allegation of facts which, if proved true, would show that the City has a longstanding custom of tolerating incidents of this alleged nature. *See Lewis v. Pugh*, 289 F. App'x 767, 774-75 (5th Cir. 2008)(affirming dismissal of

failure to supervise claim in the excessive force context, where no evidence existed to show that city policymaker condoned sufficiently numerous prior incidents of excessive force).

### IV.
### PLAINTIFF'S PLEADING IS INSUFFICIENT TO STATE A CLAIM FOR GOVERNMENTAL LIABILITY

There is no probative allegation that any specific City of San Marcos training that was allegedly inadequate, that the City policymaker was deliberately indifferent in adopting, and that directly caused a deprivation of constitutional rights.

To meet their pleading burden, Plaintiff's Original Complaint had to offer specific facts about the nature of the alleged constitutional violation, the nature of the training deficiencies, and the basis for the deliberate indifference allegation. This would involve identifying deprivation of a constitutional right, the training procedure at issue, its inadequacies, how those inadequacies were the moving force behind the alleged violation, and the pattern of violations or conduct that would have put the City of San Marcos policymaker on notice that a different "policy of" training was needed to avoid the incident alleged.

Even taking the facts as asserted in Plaintiff's Original Complaint at true, Plaintiff does not state a claim for a violation of Plaintiff's constitutional rights. As his pleadings assert, Plaintiff was positively identified by the victim as the assailant. Additionally, an effort was made to secure confirmation that he was a student at Texas State University, although the positive response appears to have been the result of a misunderstanding on the part of the University: providing enrollment verification regarding an "Austin Cole" versus an "Austin Colson".  The mistaken identity arrest described does not constitute a violation of Plaintiff's constitutional rights under well-established law.

Furthermore, Plaintiff alleges that there was a failure to train with respect to "conducting

proper investigations and line ups" that relates to this mistaken identity arrest. However, he fails to identify what the training should have been, how the actual training was inadequate, how that inadequacy was a moving force behind the arrest, or how the policymaker for the City of San Marcos should have realized that the officers were receiving this (allegedly) inadequate training. There is no allegation of other instances demonstrating inadequate training of a similar nature to the incident at issue that should have put the City of San Marcos on notice that its officers generally and/or Defendant Lobo specifically needed some particular training related to "proper investigations and line ups" that was in some way relevant and related to the incident at issue.

More than conclusory statements of inadequate training policies and practices that were the moving force behind an alleged constitutional violation by the City of San Marcos is required to plead municipal liability under Section 1983. Since Plaintiff's Original Complaint does not meet his pleading burden, City of San Marcos is entitled to dismissal.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant City of San Marcos requests the Court grant its Motion to Dismiss, dismiss Plaintiff's claims against the City with prejudice, and for all other relief to which the City may be justly be entitled in either law or equity.

Respectfully submitted,

**FLETCHER, FARLEY,
SHIPMAN & SALINAS, L.L.P.**
2530 Walsh Tarlton Lane, Suite 150
Austin, Texas 78746
(512) 476-5300
FAX (512) 476-5771

By: /s/Joanna Lippman Salinas
Joanna Lippman Salinas
State Bar No. 00791122
joanna.salinas@fletcherfarley.com

Attorneys for Defendant, *City of San Marcos*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant City of San Marcos' Motion to Dismiss** has been provided to the offices of:

Manny Arambula
**MUERY & FARRELL, PC**
6200 La Calma Drive, Suite 100
Austin, Texas 78752

by Electronic Service, in accordance with the Federal Rules of Civil Procedure, on May 18, 2023.

/s/Joanna Lippman Salinas
Joanna Lippman Salinas