IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUSTIN R. COLSON | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | |
| CITY OF SAN MARCOS, TEXAS; CHIEF OF POLICE STAN STANDRIDGE; OFFICER KYLE LOBO; TIFFANY WILLIAMS; and JOHN AND JANE DOE SUPERVISORS (A-Z), JOHN AND JANE DOE OFFICERS (A-Z), all individuals being sued in their official capacities, | § § § § § § § § § § § | 1:23-cv-00450 |
| *Defendants.* | § | |

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT CITY OF SAN MARCOS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, Austin R. Colson, (hereinafter "Plaintiff"), by and through his undersigned attorney, and, pursuant to this Court's July 10, 2023, order, responds to Defendant City of San Marcos' ("City") argument that Plaintiff's pleading is insufficient to state a claim for Governmental Liability ("Claim") and respectfully argues as follows:

### I.  PLAINTIFF'S ARGUMENT FOR THE CITY'S LIABILITY

The San Marcos Police Department falsely arrested Plaintiff. There is not, nor can there reasonably be, a dispute about this essential fact. To date, the City has wholly failed to understand that Plaintiff's false arrest was a Fourth Amendment violation of his right to be free from unreasonable searches and seizures. One cause of this violation was SMPD's failure to properly train Officer Kyle Lobo ("Defendant Lobo"), Sgt. Ryan Hartman, and Commander Tiffany

Colson v. City of San Marcos et al.—
Plaintiff's Suppl. Brief in Response to
City of San Marcos' 12(b)(6) Motion to Dismiss                                    Page 1 of 4

Williams, none of whom ever questioned the absence of an eyewitness lineup before or after Plaintiff was arrested. This failure occurred despite policies made to prevent false arrests.

The SMPD has an Eyewitness Identification Policy, which states that "[t]he purpose of this policy is to outline proper protocol for eyewitness identification procedures for photographic, show-up, and live lineup identifications which maximize the reliability of identifications, protect innocent persons, and establish evidence that is reliable and conforms to established legal requirements." San Marcos Police Department Policies and Procedures Manual - General Order 307. This policy is supplemented by SMPD's investigative policies that require a patrol officer making a report to determine "[w]hether there is sufficient information available to conclude that no one other than the named suspect could have committed the crime." *Id.* at 300. The policies were adopted to comply with Texas' statutory requirements for such policies. Tex. Code Crim. Pro. § 38.20. Neither the policies or relevant statutes were complied with.

In order to prove his failure to train claim, Plaintiff is obligated to identify evidence which shows, first, an unconstitutional City policy of failure to train police against the use of inadequate investigative techniques and lineups; second, that there was an actual connection between the identified unconstitutional City policy and the City's "policymaker;" and third, that Plaintiff was subjected to the use of inadequate investigative techniques and lineups by SMPD's Defendant Lobo, because of the execution of the particular City policy identified. *Connick v. Thompson*, U.S. 131 S.Ct. 1350, 1359 (2011); *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), cert denied, 472 U.S. 1016 (1985). Plaintiff has identified this evidence and made such a showing in his response to the City's Motion to Dismiss. Dkt. 7 at pp. 8-13.

"[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action—there, an allegedly inadequate training program—has led an employee to

Colson v. City of San Marcos et al.—
Plaintiff's Suppl. Brief in Response to
City of San Marcos' 12(b)(6) Motion to Dismiss                                                    Page 2 of 4

violate a plaintiff's rights must demonstrate that the municipal action was not simply negligent, but was taken with 'deliberate indifference' as to its known or obvious consequences." *Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 407 (1997), citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Defendant Lobo, as well as his supervisors, were deliberately indifferent to the end result of their failure to follow SMPD's policies and state law on investigations and identifications and Plaintiff was predictably arrested.

To prevail on a wrongful arrest claim, Plaintiff must also show that he was seized and that the seizure was unreasonable because it lacked probable cause. *See, e.g., Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). Plaintiff was plainly seized and the absence of probable cause has been fully briefed. Dkt. 7 at pp. at 4-8. Moreover, "the fact that a neutral magistrate has issued a warrant authorizing the allegedly unconstitutional search or seizure does not end the inquiry into objective reasonableness." *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012). Even if an officer obtains an arrest warrant from a magistrate, this Court must ask "whether a reasonably well-trained officer in [Defendant Lobo's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for a warrant." *Jennings v. Joshua Indep. Sch. Dist.*, 877 F.2d 313, 317 (5th Cir. 1989) (quoting *Malley v. Briggs*, 475 U.S. 335, 345 (1986)). The answer here is a resounding yes because a "reasonably well-trained officer" would not have accepted an eyewitness identification made on social media and then sought an arrest warrant without conducting an eyewitness lineup. As a result, a "[d]efendant[] will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Malley*, 475 U.S. at 341. Defendant Lobo failed to follow SMPD's relevant policies, wrongfully arrested Plaintiff, and his actions were then ratified. Dkt. 7 at pp. 10-13. The City is therefore not immune.

**Colson v. City of San Marcos et al.—
Plaintiff's Suppl. Brief in Response to
City of San Marcos' 12(b)(6) Motion to Dismiss**                                                                 **Page 3 of 4**

Dated: July 13, 2023                    Respectfully submitted,

                                                   MUERY & FARRELL, PC
                                                 6200 La Calma Drive
                                                 Suite 100
                                                 Austin, Texas 78752
                                                 Tel: (737) 808-0529
                                                 Fax: (512) 727-6626
                                                 COUNSEL FOR PLAINTIFFS

                                         By: _____
                                               Manny Arambula
                                               State Bar No. 24047423
                                               Email: manny@texanlegal.com
                                               E-Service: filing@texanlegal.com


## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **Plaintiff's Supplemental Brief in Response to City of San Marcos' 12(b)(6) Motion to Dismiss** has been provided to the offices of:

Joanna Lippman Salinas
**Fletcher, Farley, Shipman & Salinas, LLP**
2530 Walsh Tarlton Lane, Suite 150
Austin, Texas 78746

by Electronic Service, in accordance with the Federal Rules of Civil Procedure, on July 13, 2023.

                                         By: _____
                                               Manny Arambula

**Colson v. City of San Marcos et al.—**
**Plaintiff's Suppl. Brief in Response to**
**City of San Marcos' 12(b)(6) Motion to Dismiss**                                              **Page 4 of 4**